David BANKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 71S00–9010–CR–6668.

Supreme Court of Indiana.

Oct. 3, 1991.

Philip R. Skodinski, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunica, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Dealing in Cocaine, a Class A felony, for which he received a term of thirty (30) years, which was enhanced by thirty (30) years by reason of his status as a habitual offender.

The facts are: On January 30, 1990, Officer Terry Miller of the South Bend Police Department received an anonymous telephone call informing him that appellant would obtain a large quantity of cocaine in Chicago and would deliver it to residents in the cities of South Bend and Marion.

Police set up a surveillance of appellant's residence and then followed him when he left the residence in his vehicle. Because the vehicle's license plate was improperly displayed and because appellant failed to use his turn signal, he was stopped for traffic violations. When he refused to let the law officers search his vehicle, a dog trained to detect the presence of narcotics was used and indicated that narcotics were present in the vehicle. A search of the vehicle disclosed the presence of 20.7 grams of cocaine.

Appellant first claims the police testimony that they had followed him on January 30 and observed him make several stops could not have been true because he presented testimony by friends and relatives that he was with them on that date and could not have been the person driving the car. The arrest described above occurred on January 31.

In the case of conflicting testimony as to who was driving the car on January 30, the jury was free to believe whom they wished. If they believed the police officers and disbelieved appellant's friends and relatives, that was their prerogative. *Tiller v. State* (1989), Ind., 541 N.E.2d 885. However, we perceive that this has little to do with the case. The issue here is the legality of the arrest on January 31.

Appellant raises the additional issue that the evidence obtained by the search should not have been submitted to the jury because he was not given his *Miranda* warnings. We first would observe that he did not object at the time on the basis of the *Miranda* claim; thus the issue was waived. *Whittle v. State* (1989), Ind., 542 N.E.2d 981.

We further would observe that appellant made no incriminating statements at the time of his arrest which would require the invoking of the *Miranda* warnings. The only statement he made, to which he now objects, was his remark to the police officers that he was on his way to visit his grandmother. We see nothing in this statement which would incriminate appellant.

As to the legality of the stop and arrest, the police officer had received an anonymous tip that appellant in fact was transporting cocaine. However, the arrest was not made based on such information. The information did cause the police officers to place appellant under surveillance, and on the second day of that surveillance, they observed appellant commit traffic violations. It was entirely proper for the police to stop appellant at that time based upon their observations of appellant during their surveillance and his conduct after being stopped, including his refusal to allow a search of his vehicle, and his attempt to interfere with the police officers, for which he was arrested, the dog was brought in and indicated the presence of narcotics. Armed with this information, the officers obtained a warrant and searched appellant's vehicle, which resulted in the finding of the 20.7 grams of cocaine.

In the case of *Taylor v. State* (1980), 273 Ind. 558, 406 N.E.2d 247, this Court carefully evaluated an arrest which closely parallels the facts of this case. After observing that the initial stop was lawful, we held that subsequent conduct of the defendant and the prior information of the officers justified the subsequent search. The trial judge did not err in overruling appellant's

motion to suppress the evidence. There is ample evidence in this record to sustain the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result.