**John Eugene BYRD, a/k/a Merlin Eugene Byrd, a/k/a John Eugene Lambert, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 79S04–9205–CR–404.

Supreme Court of Indiana.

May 29, 1992.

Susan K. Carpenter, Public Defender of Indiana and Teresa D. Harper, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition of appellant, John Eugene Byrd, for transfer. Ind. Appellate Rule 11 (made applicable through Ind. Criminal Rule 21). The Court of Appeals sustained the State's motion to dismiss appellant Byrd's appeal from convictions for receiving stolen auto parts, I.C. 35–43–4–2.5(c), a Class D felony, and theft, I.C. 35–43–4–2(a), a Class D felony, and a determination pursuant to I.C. 35–50–2–8 of habitual offender. This order of dismissal terminated the appeal by Byrd, and constitutes a final disposition and decision against him which renders consideration of his transfer petition appropriate. *Dahlberg v. Ogle* (1977), 266 Ind. 524, 364 N.E.2d 1174; *City of Fort Wayne v. Board of Trustees* (1971), 256 Ind. 340, 268 N.E.2d 735.

Appellant was tried and sentenced in absentia. On March 23, 1987, he received sentences resulting in a total period of imprisonment of nineteen years.

Thirty months later, on September 1, 1989, appellant, after waiving extradition from Montana, appeared in the Indiana trial court of conviction, was advised of the status of his case, and was ordered to commence serving his sentence. At this hearing, appellant asked the court if he could file an appeal. The record contains the following colloquy between appellant and the trial judge:

Judge: You say you wish to appeal this.

Appellant: Yes.

Judge: The Court at this time will appoint the Indiana State Public Defender's Office to represent you in regard to appeal or post conviction relief petition or any of those matter (sic) that you wish to proceed, and we'll send a copy of that order to you and to the Indiana State Public Defender's Office as well.

The State was present at this hearing and raised no objection to the prospect of an appeal.

On September 26, 1989, the State Public Defender's Office filed a praecipe requesting the clerk to prepare and certify a complete transcript of the record of proceedings. On September 29, the trial court issued the following order:

The court having appointed the Office of the State Public Defender to perfect John Byrd's direct appeal on September 1, 1989, and the Office of the State Public Defender having filed a Praecipe for the Defendant–Appellant on September 29, 1989, to perfect said appeal, now notes that the Praecipe filed has been considered and accepted by this Court as a Belated Praecipe for the purposes of appeal.

The State raised no objection when appellant filed the praecipe or when the trial court issued this ruling.

On February 13, 1990, the record of proceedings was filed in the appellate court. Appellant filed motions for extensions of time within which to file his brief on appeal

on March 9, May 9, and June 12 of 1990. At one stage, because time for filing his brief had expired, appellant sought and was granted permission to file a belated appeal. The State acknowledged receiving copies of these motions but did not raise any objection to appellant's pursuit of an appeal.

Finally, on August 1, 1990, appellant filed his appellate brief claiming jury instruction errors, sentencing errors and insufficient evidence to convict.

On August 30, a single day before its brief was due, the State filed its motion to dismiss asserting that appellant had waived his right to an appeal by: 1) absenting himself from the jurisdiction of the court while time limits to bring an appeal expired; 2) failing to file a timely motion to correct errors; and (3) failing to file a petition to proceed in a belated fashion pursuant to Post Conviction Rule 2. The State alternatively requested an extension of time within which to file its brief although such request was tardy. Ind. Appellate Rule 14(A).

On December 6, 1990, the Court of Appeals, without specifications, granted the State's motion and dismissed the appeal. Appellant's petition for rehearing was denied.

■ Appellant next brought this petition to transfer contending that the Court of Appeals erred in granting the State's motion to dismiss. The petition is based upon the theory that the State, by not objecting and raising the waiver issue earlier in the proceedings in the trial court when it had numerous opportunities to do so, should not have been allowed to assert waiver for the first time on appeal as it did. We agree.

■ It is well settled that Indiana's appellate courts look with disfavor upon issues that are raised by a party for the first time on appeal or in original actions without first raising the issue at first opportunity in the trial court. *J.I. Case Co. v. Sandefur* (1964), 245 Ind. 213, 197 N.E.2d 519; *see generally, Indianapolis Newspapers, Inc. v. Fields* (1970), 254 Ind. 219, 259

N.E.2d 651; *Welsh v. Sells* (1963), 244 Ind. 423, 192 N.E.2d 753; *W & W Equipment Co. v. Mink* (1991), Ind.App., 568 N.E.2d 564; *Board of Zoning Appeals v. Cochran* (1983), Ind.App., 456 N.E.2d 1047. When the State is a party to a state court proceeding, it, like all parties, must comply with the rules then governing, and its actions, like those of all parties, are subject to scrutiny under principles of waiver and estoppel. *State v. Robbins* (1943), 221 Ind. 125, 46 N.E.2d 691.

In the case at bar, the State learned of the intent of the trial court to permit an appeal to proceed as early as the hearing on September 1, 1989. The State had an opportunity to then object, but did not do so. Other like opportunities presented themselves. A salient one occurred when the trial court expressly ordered that the praecipe would be considered a belated one, thus authorizing the appeal. Again, the State remained silent. Such silence persisted until August 30, 1990, when the State filed its motion to dismiss in the appellate court, one day before its brief responding to appellant's brief on the merits was due. At that juncture, the trial court's belated praecipe order remained intact, the record of proceedings had been completed for use on appeal and had been filed, and appellant's brief had been structured and prepared in final form, and duly filed. Because the State did not avail itself of these several opportunities to challenge the availability and regularity of the belated process, it was in no position to make that challenge in its motion to dismiss. The motion should have been denied.

Accordingly, we now grant transfer. The Court of Appeals decision granting the State's motion to dismiss is vacated and the cause remanded to the Court of Appeals to set a briefing schedule to complete briefing and to hear the appeal. It is so ordered.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.