Matthew E. BARTON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 86A03–9205–CR–148.

Court of Appeals of Indiana,
Third District.

Sept. 8, 1992.

Thomas P. O'Connor, Attica, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Matthew E. Barton appeals the trial court's decision revoking his probation.

The facts relevant to the appeal disclose that on November 19, 1990, appellant pled guilty to the offense of operating a vehicle while intoxicated resulting in death, a Class C felony. That same day, the trial court accepted appellant's guilty plea and sentenced appellant to a four-year term of imprisonment then suspended the sentence and placed appellant on probation for four years. As a condition of probation, the court ordered appellant to serve one year in an electronically-monitored home detention program.

Appellant completed the home detention program in November of 1991. However, on February 14, 1992, the State filed a petition for revocation of probation alleging that appellant had violated the terms and conditions of his probation by failing to abstain from the use or possession of alcohol. After an evidentiary hearing on March 4, 1992, the court revoked appellant's probation and reinstated the original sentence with no credit for time served in the home detention program. This appeal ensued.

■ Appellant claims the trial court's denial of credit for the time he served in an electronically-monitored home detention program constitutes cruel and unusual punishment. In essence, appellant argues that confinement to a building is the same even if the building is a person's home rather than a jail; therefore, the denial of credit for time served on home detention constitutes cruel and unusual punishment. The court placed appellant on home detention as a condition of probation in accordance with IND.CODE § 35–38–2–2(a)(15) (1988 Ed.) (see now IND.CODE § 35–38–2–2.3(a)(15) (1992 Supp.)) which provides in pertinent part:

"As conditions of probation, the court may require the person to ... undergo home detention under IC 35–38–2.5."

According to IND.CODE § 35–50–6–6(a) (1988 Ed.), a person on probation does not earn credit time. Apparently, appellant wants this Court to find that confinement to one's home and confinement in jail are so similar as to be indistinguishable; however, we refuse to make such a finding. Home detention allows defendants to live at home, work or seek employment, receive medical treatments, go to school, and attend church services. *See* IND.CODE § 35–38–2.5–6(1) (1988 Ed.) (see now IND. CODE § 35–38–2.5–6(1) (1992 Supp.)). As home detention is clearly a benefit to defendants, the trial court's denial of credit time did not constitute cruel and unusual punishment.

Appellant also attempts to distinguish the instant case from *Burton v. State* (1989), Ind.App., 547 N.E.2d 882, a case in which this Court, relying on IND.CODE § 35–50–6–6(a), affirmed a trial court's denial of credit for time the defendant served in a community-based corrections program as a condition of probation. Unlike appellant, the defendant in *Burton* did not have a monitoring device and did not complete his one-year stint in the program. However, this Court finds confinement to a community-based corrections program without a monitoring device more restrictive than confinement to a person's home with a monitoring device. A person confined to his home still has the freedom to set his own schedule for eating, sleeping, watching television, and any other legal activities. A person confined to a corrections program does not have such freedom; therefore, appellant's assertion to the contrary is erroneous.

■ Appellant's final allegation is that the trial court's denial of credit for the time he served on home detention denies him equal protection of the law. Specifically,

he argues that, had a community corrections program supervised his home detention rather than the probation department, he would have earned credit time.[1] In support of his argument, appellant cites IND. CODE § 35–38–2.6–6 (1992 Supp.) which reads as follows: "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35–50–6." However, according to IND.CODE § 35–38–2.6–7 (1992 Supp.), "[w]hen a person completes a program under [chapter 2.6], the court *shall* place the person on probation." (Emphasis supplied.) Equal protection of the laws does not mandate similar treatment for those individuals who are not similarly situated. *City of Indianapolis v. Hargis* (1992), Ind., 588 N.E.2d 496, 500. As persons who are placed in community corrections programs under IND.CODE § 35–38–2.6 are not on probation at the time of the placement (*cf.* placement under IND.CODE § 35–38–2–2.3(a)(3)), they are not similarly situated to appellant whose home detention was a condition of probation. The trial court's denial of credit time did not deny appellant equal protection of the law.

The judgment of the trial court is affirmed.

STATON and BAKER, JJ., concur.

---

1. IND.CODE § 35–38–2.5–5(c) (1988 Ed.) states as follows:

   "The court may order supervision of an offender's home detention to be provided by the probation department for the court or by a community corrections program that provides supervision of home detention."

IND.CODE § 35–38–2.6–2 (1992 Supp.) defines "community corrections program" as "a program consisting of residential and work release or electronic monitoring."