BOARD OF COMMISSIONERS OF LAKE COUNTY, INDIANA; Leslie Pruitt, as Sheriff of Lake County; and Sheriff's Merit Board of Lake County, Appellants–Defendants,

v.

Edward FOSTER, Individually and on Behalf of all Others Similarly Situated, Appellees–Plaintiffs.

No. 45A03–9206–CV–178.

Court of Appeals of Indiana, Third District.

May 26, 1993.

James B. Meyer, King and Meyer, P.C., Gary, for appellants-defendants.

William H. Tobin, Ruman, Clements, Tobin & Holub, P.C., Hammond, for appellees-plaintiffs.

HOFFMAN, Judge.

Appellants-defendants Board of Commissioners of Lake County, Indiana; Leslie Pruitt as Sheriff of Lake County; and Sheriff's Merit Board of Lake County (collectively referred to as Board) bring this interlocutory appeal from an order holding the Board liable for monetary damages and/or compensatory time off to employees on certain days since 1973, in a complaint for declaratory judgment, injunction, and damages. The following issue is dispositive of this attempted appeal: whether the Board forfeited its right to appeal by filing an untimely praecipe.

This case involves a class action claim by the merit employees of the Lake County Sheriff's Department (collectively referred to as Foster) for compensation for working holidays listed on schedules promulgated by the Board of Commissioners and/or the County Council and a request for an order requiring the Board to compensate the employees according to the promulgated schedules in the future. The original complaint was filed by Foster on October 4, 1978.

On December 18, 1989, the trial court ordered that there would be a bifurcated bench trial separating the issues of liability and damages. On May 21, 1992, the trial court after a bench trial on the liability phase of the case, entered its findings of fact, conclusions of law, and judgment. The trial court concluded that the Board was liable to Foster, individually and as a class, "for unpaid holiday compensation and/or compensatory time off, and that the plaintiffs' [Foster's] damages and/or other relief shall be determined at a later hearing following additional discovery on those issues." The trial court also certified its order for interlocutory appeal pursuant to Ind. Appellate Rule 4(B)(6). Pursuant to the Indiana appellate rules, the Board filed its petition to appeal the interlocutory order on June 12, 1992. On August 12, 1992, this Court granted the Board's petition to appeal the interlocutory order pursuant to App.R. 4(B)(6). The Board filed its praecipe with the clerk of the trial court on August 31, 1992.

Timely filing a motion to correct error or a praecipe is a jurisdictional matter and is an absolute precondition to an appeal. Indiana Appellate Rule 2(A), which has been recently amended effective January 1, 1992, provides in pertinent part:

"In the case of appeals taken under Appellate Rule 4(B)(6) the praecipe shall be filed no later than ten (10) days after the Court of Appeals grants the petition for interlocutory appeal. In all other interlocutory appeals the praecipe shall be filed within thirty (30) days after the entry of the order being appealed. Unless the praecipe is filed within such time period, the right to appeal will be forfeited."

If one intends to appeal a judgment or order, he must follow the procedural mandates of the appellate rules. In this case, the Board was required to file its praecipe no later than ten days after this Court granted its petition for interlocutory appeal pursuant to App.R. 4(B)(6) on August 12, 1992. Hence, the Board was required to filed its praecipe on or before August 22, 1992; however, since that date was a Saturday, the Board had until August 24, 1992 to file a timely praecipe, this it did not do. *See* Ind. Appellate Rule 13 (computation of time). Therefore, since this appeal was untimely filed, the Board has forfeited its right to bring this interlocutory appeal.

This appeal is dismissed.

GARRARD and SHIELDS, JJ., concur.