Michael D. GREER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 57A03–9510–CR–333.

Court of Appeals of Indiana.

July 25, 1996.

Transfer Granted Oct. 15, 1996.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, for appellant–defendant.

Pamela Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Office of Attorney General, Indianapolis, for appellee–plaintiff.

## OPINION

GARRARD, Judge.

Michael Greer appeals his revocation of probation, alleging that he received ineffective assistance of counsel and that the denial of credit for time served while on home detention as a condition of his probation violates Article I, Section 23 of the Indiana Constitution and the Equal Protection Clause of the United States Constitution.

### FACTS

Greer was convicted of two counts of child molesting as class C felonies and sentenced to concurrent terms of eight years imprisonment on both counts in September of 1991. Greer's convictions were affirmed by a memorandum decision of this court.

On October 4, 1993, the trial court granted Greer's petition for sentence modification, suspending the remainder of his sentence and placing him on home detention as a condition of his probation. On April 29, 1994, the trial court modified Greer's sentence and ordered Greer placed in the custody of the Community Residential Correction Center

for the remainder of his sentence beginning April 30, 1994.

After a hearing on May 24, 1994, the trial court found that Greer had violated a term of his probation by failing to abstain from the use of alcohol. His probation was revoked and he was ordered to serve the remainder of his sentence in the Indiana Department of Correction. Greer received twenty-five days of Class I credit time for the time he was incarcerated in the Community Residential Correction Center. On October 17, 1994, Greer's sentence was again modified. Greer was placed on probation with the condition of home detention and the remainder of his sentence was suspended.

In January of 1995, a probation violation report was filed, alleging that Greer had violated the terms of his probation by failing to abstain from the use of alcohol. The report further alleged that Greer's father, with whom Greer had been living, no longer wanted him in the home. On January 6, 1995, the court provisionally revoked the probation pending an evidentiary hearing. A hearing was held on March 7, 1995, and the trial court found that Greer had violated the terms of his probation. Greer's probation was again revoked and he was ordered to serve the remainder of his sentence. On March 13, 1995, Greer filed a *pro se* motion for credit time, requesting credit for the time he spent on home detention from October 5, 1993 through April 29, 1994 and from October 13, 1994 through January 6, 1995. This motion was denied on March 14, 1995.

On June 12, 1995, the trial court granted Greer's petition for permission to file a belated praecipe, which was then filed on this date.

## DISCUSSION

We address the following issues raised by the parties:

I. Whether this court has jurisdiction over this appeal due to Greer's failure to timely file a praecipe.

II. Whether Greer received ineffective assistance of counsel at the probation revocation hearing.

III. Whether the failure to give Greer credit for time served on home de-

tention denied Greer the right to equal treatment under Article I, Section 23 of the Indiana Constitution.

IV. Whether the failure to give Greer credit for time served on home detention denied Greer the right to equal protection of the law under the Fourteenth Amendment of the United States Constitution.

## ISSUE I

We first address whether Greer's failure to file a timely praecipe requires us to dismiss his appeal for lack of jurisdiction.

An appeal is initiated by the filing of a praecipe in the trial court, and the praecipe must be filed within thirty days of a final appealable order. Ind.Appellate Rule 2(A). The failure to timely file a praecipe is a jurisdictional failure that results in the appeal's dismissal. *Moran v. Cook,* 644 N.E.2d 179 (Ind.Ct.App.1994). Effective January 1, 1994, the supreme court amended Ind.Post–Conviction Rule 2, permitting a court to grant an appellant leave to file a belated praecipe only if the appellant is seeking a direct appeal of the conviction. *Howard v. State,* 653 N.E.2d 1389 (Ind.1995).

Here, Greer is appealing from his revocation of probation and the denial of his petition for credit time. However, we need not reach the issue of whether the amendment to the post-conviction rules and *Howard* apply to the situation before us, because the State has waived its right to contest jurisdiction in this appeal. The State failed to object to Greer's belated praecipe at any time prior to filing its brief in this appeal, either at the trial or appellate level. In *Byrd v. State,* 592 N.E.2d 690 (Ind.1992), the supreme court necessarily determined that the issue was jurisdiction of the particular case and held that the State had waived its right to challenge a belated praecipe. After noting that the State had numerous opportunities to object to the belated praecipe but failed to do so, the court went on to state:

It is well settled that Indiana's appellate courts look with disfavor upon issues that are raised by a party for the first time on appeal or in original actions without first

raising the issue at first opportunity in the trial court. When the State is a party to a state court proceeding, it, like all parties, must comply with the rules then governing, and its actions, like those of all parties, are subject to scrutiny under principles of waiver and estoppel.

[The State's] silence persisted until ... the State filed its motion to dismiss in the appellate court, one day before its brief responding to appellant's brief on the merits was due. At that juncture, the trial court's belated praecipe order remained intact, the record of proceedings had been completed for use on appeal and had been filed, and appellant's brief had been structured and prepared in final form, and duly filed. Because the State did not avail itself of these several opportunities to challenge the availability and regularity of the belated process, it was in no position to make that challenge in its motion to dismiss.

*Id.* at 691–91 (citations omitted). Similarly, by waiting until filing its appellate brief to raise any objection to the filing of a belated praecipe, the State has waived the right to make its challenge in this case.

## ISSUE II

Greer contends that he was denied effective assistance of counsel at the probation revocation hearing.

■ Reversal for ineffective assistance of counsel is appropriate only in cases where a defendant shows both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *King v. State,* 642 N.E.2d 1389, 1391–92 (Ind.Ct.App.1994). More specifically, the defendant must show that there is a " 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Madden v. State,* 656 N.E.2d 524, 527–28 (Ind.Ct.App.1995), *trans. denied,* quoting *Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

■ The evidence against Greer at the revocation hearing consisted solely of the testimony of his probation officer, Mel Glick. Glick testified that Greer's father had stated that Greer had consumed alcoholic beverages and that he no longer wanted Greer living at his house. Glick further testified that, after the filing of the violation report, he spoke with Greer and Greer admitted consuming alcoholic beverages. Greer's attorney failed to object to Glick's testimony.

■ First, we address Glick's testimony regarding Greer's father's statements. Clearly, this testimony constituted hearsay, an out-of-court statement offered into evidence to prove the truth of the matter asserted. Ind.Evidence Rule 801(c); *Arndt v. State,* 642 N.E.2d 224, 227 (Ind.1994). The State argues that hearsay evidence is admissible in probation revocation hearings pursuant to Evid.R. 101(c)(2), which states that the Indiana Rules of Evidence do not apply to "[p]roceedings relating to ... probation...." However, Evid.R. 101(a) states that, if the rules do not cover a specific evidence issue, common or statutory law shall apply. While it is true that a probation revocation hearing is in the nature of a civil proceeding and that probationers are thus not entitled to the full array of constitutional rights afforded at trial, we must conclude that the intent of the Rules of Evidence is not to completely eliminate all evidentiary rules in a probation revocation proceeding. As noted in *Payne v. State,* 515 N.E.2d 1141 (Ind.Ct.App.1987), the hearsay rule applies in civil proceedings, and we can see no rationale for treating a probationer with less deference than a civil litigant. *Id.* at 1144. We conclude that the hearsay rule applies in a probation revocation hearing. The State does not offer, and we are not aware of, any applicable hearsay exceptions. Thus, Greer has demonstrated that, had a proper objection been made, the objection should have been sustained. *Garrett v. State,* 602 N.E.2d 139, 141 (Ind.1992), *reh'g denied.* Whether or not Greer suffered any harm from the omission depends upon the admission of his own statement to his probation officer.

■ Greer argues that he received ineffective assistance of counsel when his attorney

failed to object to the admission of his statement to his probation officer. Greer contends that the State was required to prove beyond a reasonable doubt that Greer was advised of his *Miranda*[1] rights and that he knowingly and voluntarily waived those rights in giving his statement to his probation officer.

The failure to object to testimony regarding a defendant's statement taken without *Miranda* warnings waives any error. *Banks v. State*, 578 N.E.2d 667, 668 (Ind. 1991); *Whitehead v. State*, 511 N.E.2d 284, 292 (Ind.1987), *cert. denied*, 484 U.S. 1031, 108 S.Ct. 761, 98 L.Ed.2d 773 (1988). In alleging that his counsel was ineffective in failing to object, Greer must show that, had a proper objection been made, it would have been sustained. *Garrett*, 602 N.E.2d at 141. He has failed to do so.

Initially, we note that a probation officer is not required to give *Miranda* warnings when the probationer is not in custody, the interrogation is reasonably related to the officer's duty to supervise the probationer, and the questioning is reasonable under all the circumstances. *Alspach v. State*, 440 N.E.2d 502, 505 (Ind.Ct.App.1982). Here, the probation officer testified that he went to the jail to question Greer, and the court's order of January 6, 1995 reflects that Greer was to be remanded to the custody of the Shelby County Sheriff's Department and, subsequently, the Noble County Sheriff's Department. Thus, Greer has shown that he was in custody at the time of the statement. However, Greer's remaining argument is that "the State, whose burden it was to prove that Greer had been informed of and had knowingly and voluntarily waived his *Miranda* rights, presented no evidence, whatsoever, to establish that Glick read the *Miranda* rights to Greer or that Greer had knowingly and voluntarily waived those rights." (Brief of appellant at 34). This miscasts the error Greer is attempting to argue.

Greer's attorney did not object to Glick's testimony. In the absence of an objection, the State did not have the burden to affirmatively establish that Greer was informed of and voluntarily waived his *Miranda* rights. *Banks*, 578 N.E.2d at 668; *Whitehead*, 511 N.E.2d at 292. For all we know, the proper advice was given and, knowing this, counsel saw no value in raising an objection. The burden falls to Greer, in his attempt to prove ineffective assistance of counsel, to demonstrate that an objection would have been sustained. Greer's assertion that the State failed to present evidence that *Miranda* warnings were given and that Greer knowingly and voluntarily waived those rights and made his statement is insufficient. As Greer has failed to allege or show by affidavit that he in fact did not receive his *Miranda* warnings or that he did not knowingly and voluntarily waive them, he has failed to show ineffective assistance of counsel. *See Marshall v. State*, 621 N.E.2d 308, 321–22 (Ind.1993) (appellant's failure to state what offer to prove should have been cannot show ineffective assistance based upon failure to make the offer to prove); *Fugate v. State*, 608 N.E.2d 1370, 1373 (Ind.1993) (appellant's failure to provide affidavit showing substance of witness's testimony negates ineffective assistance claim based upon counsel's failure to call witness at trial).

## ISSUE III

Greer next argues that the application of Ind.Code § 35–50–6–6(a), which does not allow credit time to accrue for a person on parole or probation, violates Article I, Section 23 of the Indiana Constitution. Greer contends that there is no substantial, nonarbitrary reason to treat persons imprisoned on home detention as a condition of probation differently than other persons who are imprisoned.

A person on probation may be ordered to undergo home detention as a condition of probation. I.C. §§ 35–38–2–2.3(a)(15); 35–38–2.5–5(a). Additionally, Indiana provides a system by which those imprisoned earn credit time. A person who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I. I.C. § 35–50–6–4(a). A

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

person assigned to Class I earns one day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing. I.C. § 35–50–6–3(a). However, a person does not earn credit time while on parole or probation. I.C. § 35–50–6–6(a).

Article I, Section 23 of the Indiana Constitution provides:

The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens.

■■■■ In *Collins v. Day*, 644 N.E.2d 72 (Ind.1994), the supreme court held that the privileges and immunities clause of the Indiana Constitution requires an independent interpretation and application separate from federal equal protection analysis:

[W]e hold that Article I, Section 23 of the Indiana Constitution imposes two requirements upon statutes that grant unequal privileges or immunities to differing classes of persons. First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes. Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated. Finally, in determining whether a statute complies with or violates Section 23, courts must exercise substantial deference to legislative discretion.

*Id.* at 80. The court further observed that courts presume a statute to be constitutional and place the burden upon the challenger "to negate every conceivable basis which might have supported the classification." *Id.* (citation omitted). The court further stated: "Legislative classification becomes a judicial question only where the lines drawn appear arbitrary or manifestly unreasonable. So long as the classification is based upon substantial distinctions with reference to the subject matter, we will not substitute our judgment for that of the legislature...." *Id.*, quoting *Chaffin v. Nicosia*, 261 Ind. 698, 310 N.E.2d 867, 869 (1974). *Id.*

The court in *Barton v. State*, 598 N.E.2d 623 (Ind.Ct.App.1992), addressed the issue of whether the denial of credit for time served by probationer in home detention program violated equal protection, and determined that it did not. In analyzing the question of whether this denial constituted cruel and unusual punishment, the court concluded that home detention, as opposed to confinement in jail, is substantially different and clearly a benefit to defendants; thus, there was no cruel and unusual punishment. In examining the equal protection argument, the court found that, because the defendant was on probation while on home detention, he was not similarly situated with a person placed in a community corrections program under I.C. § 35–38–2.6, who would be entitled to time credit, because under this statute a person would not be on probation at the time of placement in the community corrections program. *Id.* at 624. Thus, the court found no constitutional violation.

Greer argues that the result in *Barton* is abrogated by the supreme court's decision in *Capes v. State*, 634 N.E.2d 1334 (Ind.1994). It is true that the supreme court held that a defendant serving home detention while awaiting trial is "imprisoned awaiting trial" and is therefore qualified for membership in Class I. *Id.* at 1334–1335; I.C. § 35–50–6–4(a). However, this does not resolve the question of whether it violates Section 23 to deny credit for time served in home detention as a condition of probation as opposed to granting credit for time served while awaiting trial or sentencing.

■■■■ Greer asserts that the fact that he is on probation is an irrelevant distinction. In fact, it is a crucial distinction. Probation is a "matter of grace and a conditional liberty that is a favor, not a right." *Johnson v. State*, 659 N.E.2d 194, 198 (Ind.Ct.App.1995), *reh'g denied* (citation omitted). Further, conditions of probation, within certain parameters, may impinge upon the probationer's exercise of an otherwise constitutionally protected right. *Johnson*, 659 N.E.2d at 199 (citing *United States v. Turner*, 44 F.3d 900, 903 (10th Cir.1995) (prohibition against harassing, intimidating or picketing in front of family planning facility was valid condition of probation)); *Patton v. State*, 580 N.E.2d 693, 698 (Ind.Ct.App.1991), *trans. denied*. Probation is designed to both produce a law-abid-

ing citizen and protect the public. *Patton*, 580 N.E.2d at 698.

Thus, contrary to the view expressed in Judge Sullivan's separate opinion, we find that *Capes* is not dispositive; that the status of home detention may sufficiently impinge upon an unconvicted person's liberty interest to require good time credit and, yet, not require the same result when applied against the qualified liberty interest of one on probation or parole.

█ The unique nature of a defendant on probation convinces us that the legislature's decision not to grant credit time to such persons does not violate Section 23. If a person serving pretrial home detention was not given credit for time served, he would serve a longer sentence than a person who posted bond. However, probation is a conditional liberty during which time the defendant is to be concerned with rehabilitation. The legislature's decision to deny a probationer the ability to accrue credit time is rationally related to the goal of deterring criminal behavior while on probation. The unique status of a probationer is a sufficiently distinguishing characteristic to justify the treatment implemented by the legislature. As the "preferential treatment" of earning credit time is uniformly applicable to all persons similarly situated, i.e., all those not on probation, we find no constitutional violation.

Moreover, we note that our supreme court has had opportunities to address the issue before us and has failed to find any constitutional error. First, the court did not overrule or even reference the *Barton* decision in *Capes*. Further, in *Smith v. State*, 610 N.E.2d 265 (Ind.Ct.App.1993), *vacated in part on other grounds, aff'd. in part* 621 N.E.2d 325 (Ind.1993) we held that the denial of "good time" credit while on home detention did not result in a denial of due process or equal protection of the law. The supreme court affirmed this portion of the opinion pursuant to Ind.Appellate Rule 11(B)(3). *Smith v. State*, 621 N.E.2d 325, 326 (Ind. 1993). In *Collins v. State*, 639 N.E.2d 653 (Ind.Ct.App.1994), *trans. denied*, the defendant again objected to the failure to receive credit time for the time served on home detention. While the case does not specifically state what grounds the defendant based his objections upon, the court cited *Barton* as valid authority and concluded that *Capes* was distinguishable as it involved pretrial detention. Our supreme court's denial of transfer in this case as well convinces us that *Barton* is still good law, and our analysis causes us to concur in its decision. Thus, we find that I.C. § 35–50–6–6(a) does not violate Section 23.

## ISSUE IV

█ Greer finally argues that the denial of credit time for probationers who are on home detention as a condition of probation violates the Equal Protection Clause of the Fourteenth Amendment.

█ We again note our agreement with the resolution of this issue as determined in *Barton*:

> Equal protection of the laws does not mandate similar treatment for those individuals who are not similarly situated. As persons who are placed in community corrections programs under Ind.Code § 35–38–2.6 are not on probation at the time of placement (*cf.* placement under Ind.Code § 35–38–2–2.3(a)(3)), they are not similarly situated to appellant whose home detention was a condition of probation.

*Barton*, 598 N.E.2d at 624 (citations omitted). However, Greer argues that a strict scrutiny standard should be applied under federal equal protection analysis because his fundamental right to liberty is burdened by the statute.

█ The threshold question for federal equal protection analysis concerns the level of scrutiny. *Indiana Dept. of Environmental Management v. Chemical Waste Management, Inc.*, 643 N.E.2d 331, 337 (Ind. 1994). Those laws which involve a suspect classification, like race or alienage, and those which burden the exercise of fundamental rights, like reproduction or expression, receive the strictest scrutiny. *Id.* Strict scrutiny requires the government to show that the law is a necessary means to a compelling governmental purpose and is narrowly tailored to that purpose. *Id.* "Intermediate" level scrutiny requires an important governmental objective to justify certain classifica-

tions, such as gender. *Id.* Ordinary government activities must only satisfy a rational basis test, which requires merely that the law be "rationally related to a legitimate governmental purpose." *Id.* (citation omitted).

Greer contends that, because I.C. § 35–50–6–6(a) burdens his fundamental right to be at liberty, it must be analyzed under a strict scrutiny standard. In *Brown v. State,* 262 Ind. 629, 322 N.E.2d 708 (1975), the supreme court held that a statute authorizing credit for presentence confinement affected the fundamental right to be at liberty by denying retroactive application. Greer argues that, as *Capes* concluded that pretrial home detention is imprisonment for the purpose of credit time, I.C. § 35–50–6–6(a) burdens his fundamental right to be at liberty by denying credit time for the period he was on home detention as a condition of his probation.

■■■ We again find the fact that Greer was on home detention as a condition of his probation to be determinative. By virtue of two convictions of the crime of child molesting, Greer has forfeited his right to liberty during the eight years to which he was sentenced. The probationary period is a privilege which was conditionally granted to Greer. While on probation, the purpose of home detention is not to operate as imprisonment but, rather, to operate as a condition of probation in order to achieve the probationer's rehabilitation as a productive member of society. Thus, as the purpose of home detention is not imprisonment but rather a condition of probation, the denial of credit time is not burdening Greer's right to liberty. *See Johnson,* 659 N.E.2d at 199 (conditions of probation may impinge upon the probationer's exercise of an otherwise constitutionally protected right); *Beanblossom v. State,* 637 N.E.2d 1345, 1348 (Ind.Ct.App.1994), *trans. denied* (given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty).

As Greer has failed to show that the statute at issue burdens his fundamental right to liberty, we apply the rational basis test: to survive equal protection analysis, the statute must be rationally related to a legitimate governmental purpose. *Indiana Dept. of Environmental Management,* 643 N.E.2d at 337. Probation is concerned with both the rehabilitation of the probationer and the protection of society. *See Dulin v. State,* 169 Ind.App. 211, 346 N.E.2d 746, 750 (1976), quoting *United States v. Rushlow,* 385 F.Supp. 795, 797 (S.D.Cal.1974), *aff'd* 541 F.2d 287 (9th Cir.1976). The legislature's decision not to allow a probationer to accrue credit time is rationally related to the goal of deterring criminal behavior while on probation, thus serving both the purposes of rehabilitation and protection of society. We conclude that this statute does not violate the Fourteenth Amendment.

Judgment affirmed.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

HOFFMAN, J., dissents with separate opinion.

SULLIVAN, Judge, concurring and dissenting in part.

With respect to Issue I, I agree that the State has waived the issue of a belated praecipe. I note, however, that the conclusion that failure to file a timely praecipe is a "waivable" defect implies that such failure does not render the appeal defective for lack of *subject matter* jurisdiction, since lack of subject matter jurisdiction is an issue which can be raised at any time, including for the first time on appeal. *See In re Adoption of H.S.* (1985) Ind.App., 483 N.E.2d 777, 780. Further, if such failure to file a timely praecipe resulted in our not obtaining subject matter jurisdiction, we would raise this matter *sua sponte* even had the State never brought the issue to our attention. *Id.* Thus, while Greer's failure to file a timely praecipe is a "jurisdictional" defect, the defect that results must necessarily be one of jurisdiction over this particular case. *See Sanders v. Carson* (1995) Ind.App., 645 N.E.2d 1141, 1145 ("Jurisdiction of a particular case refers to the right, authority, and power to hear and determine a specific case within that class of cases over which a court has subject matter jurisdiction."). Judge Garrard's lead opinion in citing to *Byrd v. State* here agrees that the issue involves jurisdiction of the particular case. This dis-

tinction, though of longstanding and unquestioned stature within our system of appellate review, has resulted in confusing and often contradictory language in our decisions and those of our supreme court. *Compare Byrd v. State* (1992) Ind., 592 N.E.2d 690, 691–92 (holding that State had waived issue of whether appellant could file belated praecipe) and *Soft Water Utilities v. LeFevre* (1973) 261 Ind. 260, 301 N.E.2d 745 (permitting trial court to retroactively post-date ruling on motion to correct errors in order to permit otherwise untimely praecipe to be filed) with *Claywell v. Review Bd.* (1994) Ind., 643 N.E.2d 330 (citing *Sears, Roebuck & Co. v. Hutchens* (1973) 260 Ind. 561, 297 N.E.2d 807 for proposition that, "where an appellant fails to file a timely praecipe, the Court of Appeals has 'no choice' but to dismiss") and *Jennings v. Davis* (1994) Ind.App., 634 N.E.2d 810 (holding that, when praecipe is not filed within thirty days, "we *must* dismiss the appeal") (emphasis supplied).

In *Claywell*, our supreme court, while holding that the failure to file an assignment of errors results in dismissal of the appeal,[2] approvingly acknowledged the doctrine that, in "rare and exceptional circumstances", an appellate court may hear a case notwithstanding failure to comply with the jurisdictional prerequisites to review. 643 N.E.2d at 331 (citing *Lugar v. State ex rel Lee* (1978) 270 Ind. 45, 46–7, 383 N.E.2d 287, 289). In my view, the teaching of *Lugar* can best be understood as acknowledging that the failure *of a particular litigant*, whose case otherwise falls within the purview of our jurisdiction, to comply with our appellate rules does not result in our failure to obtain subject matter jurisdiction, but rather, jurisdiction over the particular case. Subject matter jurisdiction

addresses the *nature or class* of cases which a court may hear, while jurisdiction over the case addresses the prerequisites a particular litigant must follow in order to proceed in a particular court. *See generally Mann v. Mann* (1988) Ind.App., 528 N.E.2d 821, 822. There is no doubt that we have jurisdiction over the nature or class of cases within which Greer's appeal falls. *See* Ind. Appellate Rule 4(B) (providing that, except for specifically enumerated areas, Court of Appeals has general appellate jurisdiction).[3] Thus, Greer's failure to file a timely praecipe does not deprive us of jurisdiction over the subject matter of his appeal, but rather, of jurisdiction over his particular case. Therefore, because the jurisdictional defect was one of jurisdiction over the case, the State was required to raise it at the earliest opportunity, on penalty of "waiving" its "waiver" argument.[4]

Judge Garrard's lead opinion also cites *Howard v. State* (1995) Ind., 653 N.E.2d 1389 for the proposition that the belated praecipe countenanced under Indiana Post Conviction Rule 2 has reference only to direct appeals from a conviction. Such holding may well be read to preclude the filing of a belated praecipe under P.C.R. 2 as a vehicle to appeal denial of a P.C.R. 1 petition. However, the holding does not preclude belated appeals from matters wholly extraneous to the validity of the basic conviction and the sentence imposed upon that conviction. For this reason, I perceive that consideration of the merits of a challenge to a probation revocation may be obtained, under certain circumstances, notwithstanding a praecipe which was not timely. With respect to Issue II, I concur with the lead opinion's treatment of the applicability of the hearsay rule in a

2. Effective February 1, 1996, our supreme court amended the appellate rules so that an assignment of errors is no longer a prerequisite to appellate review. *See* Ind. Appellate Rule 4(C), 7.2(A)(1) (1996).

3. By comparison, of course, we would not have subject matter jurisdiction over Greer's appeal if he were appealing a death sentence, since that is a class of criminal appeals over which our supreme court has exclusive appellate jurisdiction. *See* Ind. Appellate Rule 4(A)(7) (providing that supreme court has exclusive jurisdiction over appeals from cases in which the death penalty

has been imposed). Thus, if such an appeal were presented to us, we would be powerless to do anything other than dismiss such a case *even if* the State failed to make a jurisdictional argument.

4. In this regard, therefore, I agree with Judge Garrard's opinion to the effect that we need not decide the applicability of Ind. Post–Conviction Rule 2 to Greer's case, since, due to the State's waiver, we may consider Greer's appeal irrespective of the rule's applicability to an appeal from revocation of probation.

probation revocation proceeding. As to the lead opinion's treatment of Greer's argument that he received ineffective assistance of counsel because of counsel's failure to object to the admission of Glick's testimony regarding Greer's admission that he had used alcohol, I concur in result. It appears that, not only does Greer fail to "allege or show by affidavit", Slip Op. at 8, that he did not receive his *Miranda* warnings, he also does not allege or argue on appeal that he was procedurally precluded from doing so. Thus, there is no reason for us to believe that Greer is actually contesting whether he received his *Miranda* warnings, and no reason to think that, even had such an objection been made by his trial counsel, the outcome of a hearing might have been favorable to Greer.

I must respectfully dissent, however, from Judge Garrard's conclusions as to Issues III and IV. These issues involve the respective "equal protection" provisions of the Indiana and United States Constitutions. For purposes of the discussion here, there is no reason to differentiate between the two, because I conclude that denial of home detention credit constitutes unlawful discrimination against one segment of the class of persons which is deemed to be "imprisoned".

In *Capes v. State* (1994) Ind., 634 N.E.2d 1334, our Supreme Court clearly and unmistakably held that a person under home detention is "imprisoned" for purposes of entitlement to credit against his sentence. Home detention, therefore, whether awaiting trial, or as a condition of probation, is therefore imprisonment for sentencing credit purposes just as is incarceration in a secure facility following conviction. The Supreme Court in *Capes*, did not see fit to differentiate among various "imprisonments" according to the degree of isolation or the severity of the treatment.

It is perhaps accurate to say that the legislative intendment of I.C. 35–50–6–6 at the time of enactment was to prohibit the earning of credit against the sentence for those on probation or parole. However, in 1976, at the time of enactment, home detention as a means of incarceration during probation was not in use. Home detention was not legislatively created or recognized until 1988 with the enactment of I.C. 35–38–2.5. The General Assembly has chosen not to clarify its intended application of I.C. 35–50–6–6 in light of modern uses of forms of "imprisonment" whether as a term of probation or otherwise. Nevertheless, whether a person is in the status of a probationer or not, if he is on home detention, he is "imprisoned" for purposes of earning credit against his sentence. So saith our Supreme Court, *Capes, supra.*

To deny credit against the sentence to one who is upon probation but is nevertheless imprisoned on home detention, yet grant credit to one who is upon home detention while awaiting trial, *Capes, supra,* or to one who is imprisoned in a maximum security penal facility, *see* I.C. 35–50–6–3, or to one who is in a minimum security release program such as work release, I.C. 11–10–8, is to deny equal application of the law. If only some of the class of imprisoned persons, i.e., probationers, are denied credit for time served on home detention, such constitutes a denial of equal protection.[5]

I would hold that to the extent that I.C. 35–50–6–6 denies credit time to a probationer while upon home detention, it is unconstitutional. Accordingly, although I would affirm the revocation of Greer's probation, I would remand for reconsideration of the credit to be given for the time served while upon home detention.

HOFFMAN, Judge, dissenting.

I respectfully dissent. As noted by the majority, leave to file a belated praecipe is permitted only when a direct appeal is taken from a conviction. I do not agree that the decision in *Byrd v. State*, 592 N.E.2d 690, 691–692 (Ind.1992) is controlling. *Byrd* was decided in 1992 prior to the rule change. The version of the rule in effect at the time

---

5. In achieving success upon an equal protection argument, a post conviction home detainee may kill the goose that laid the golden egg. It is conceivable that the General Assembly might determine, in its eminent wisdom, that equal application of the laws to all who are imprisoned, is to be achieved by abolishing any credit for time served.

*Byrd* was decided did not confine consideration to appeals from convictions. The appeal from a probation violation is not a direct appeal from a conviction.

The State could not waive the right to contest jurisdiction, where as here the rule does not confer any jurisdiction. The timely filing of a praecipe is a jurisdictional matter and an absolute precondition to an appeal. *Board of Com'rs of Lake County v. Foster,* 614 N.E.2d 949, 950 (Ind.Ct.App.1993). The failure to timely file the praecipe is fatal to Greer's purported appeal from a probation violation. I would dismiss the appeal.