James SUTTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 22A01–9706–CR–182.

Court of Appeals of Indiana.

Dec. 4, 1997.

Rehearing Denied March 2, 1998.

Bart M. Betteau, New Albany, Bruce A. Brightwell, Trautwein & Keeney, P.L.L.C., Louisville, KY, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

BAKER, Judge.

Appellant-defendant James Sutton appeals the trial court's revocation of his probation. Specifically, Sutton contends that the revocation was improper for the following reasons: (1) the State failed to prove that he violated the conditions of his probation during his probationary period; (2) the State failed to file its petition to revoke his probation in a timely manner; and (3) the trial court improperly admitted hearsay testimony during the revocation hearing.

### FACTS

On June 20, 1989, Sutton pled guilty to ten counts of Theft,[1] all Class D felonies. Pursuant to the terms of his plea agreement, Sutton was sentenced to twenty years imprisonment, with nineteen years suspended and to be served on probation. On November 14, 1990, the State filed a petition to revoke Sutton's probation on the grounds that he had been arrested in Kentucky on thirteen counts of theft. Thereafter, the trial court revoked Sutton's probation and modified his sentence, ordering him to serve eight years

1. IND.CODE 35–43–4–2.

of his original twenty year sentence, to be served concurrent to his sentence for theft in Kentucky, and suspending the remaining twelve years, to be served on probation. After serving his sentence, Sutton was released on probation.

On November 1, 1996, Officer Fudge and Officer Hagedorn of the Floyd County Police Department were on patrol on U.S. Route 150 when they received a report that a man driving a dark-colored Dually pick-up truck with running board lights had just stolen gasoline from Jacobi's gas station and was headed west on U.S. 150. In response, Officers Fudge and Hagedorn parked on the side of the road and waited for the truck to pass. When the truck passed them shortly thereafter at approximately eighty miles per hour, the officers pursued. After crossing the centerline of the road, narrowly avoiding an accident and traveling at speeds in excess of ninety miles per hour, the truck turned into a field, circled a sinkhole several times and stopped. The driver of the vehicle, who was wearing a white shirt and greenish-colored pants with suspenders, then exited the vehicle and ran through the field. After a short pursuit, Officer Hagedorn found Sutton, who was wearing a white shirt and greenish-khaki pants with suspenders, hiding behind a tree. When the officers asked Sutton about the stolen gasoline, he repeatedly denied driving the truck.

Shortly thereafter, Sutton's wife arrived and informed the police that the truck belonged to Sutton. She also stated that Sutton had not been home that evening. Officer Fudge later discovered that the truck was registered to Sutton.

Based on this incident, the State filed a petition, on January 30, 1997, to revoke Sutton's probation. In pertinent part, the petition provided as follows:

*On the 1st day of November, 1997,* James Sutton was arrested and charges [sic] with OWI, 2nd offense, a Class D felony; Resisting Law Enforcement, a Class D felony; OWI, a Class A Misdemeanor; Criminal Recklessness, a Class A Misdemeanor; Reckless Driving, a Class B Misdemeanor;

and Chemical Test Refusal, a Class A Infraction.

Record at 109 (emphasis added). Following a hearing on the petition on February 21, 1997, the trial court revoked Sutton's probation and ordered him to serve the remaining twelve years of his sentence. Sutton now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

### I. Sufficiency of Evidence

■ Sutton first challenges the sufficiency of the evidence supporting the revocation of his probation. Specifically, he contends that the State failed to prove that he violated a condition of his probation during the probationary period.

■ Initially, we note our standard of review. When reviewing a challenge to the sufficiency of the evidence supporting the revocation of probation, we apply the same standard used to determine any other sufficiency question. *Hensley v. State*, 583 N.E.2d 758, 759 (Ind.Ct.App.1991). We do not reweigh the evidence or judge the credibility of the witnesses; rather, we consider only the evidence most favorable to the State and any reasonable inferences to be drawn therefrom. *King v. State*, 642 N.E.2d 1389, 1393 (Ind.Ct.App.1994). If there is substantial evidence of probative value to support the trial court's conclusion, revocation is appropriate. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind.Ct.App.1992).

In order for a trial court to revoke a defendant's probation, the State must show that the defendant violated a condition of his probation during the probationary period. IND.CODE § 35–38–2–3. According to Sutton, nothing in the record reveals that he violated a condition of his probation while he was on probation because the State's petition for revocation stated that the above events occurred on November 1, 1997, a date which had not transpired at the time of the revocation hearing. Sutton also points out that, during the hearing, the prosecutor asked Officer Fudge to describe the incident that arose on "July 11th of 1989," rather than on November 1, 1996. R. at 127. Because he

was not on probation on July 11, 1989, Sutton contends that the evidence failed to establish that the violation occurred during his probationary period. We disagree.

Although the State referred to the wrong date in its petition and during the revocation hearing, we note that Sutton testified that this incident and his subsequent arrest actually occurred on November 1, 1996. R. at 159. Further, Sutton testified that he reported to his home detention supervisor on the day of the incident, indicating that Sutton was on probation during this time. Based on this evidence, the trial court could have reasonably inferred that Sutton was on probation at the time of the violation, despite a typographical error in the State's petition. As a result, the evidence is sufficient to support the trial court's revocation of Sutton's probation.

### II. Timeliness of Petition

■ Next, Sutton contends that the State failed to file its petition in a timely manner. Specifically, Sutton argues that the State's petition was untimely because it was not filed within forty-five days after the State received notice of his probation violation.

I.C. § 35–38–2–3 sets forth the time limits for filing a petition to revoke a defendant's probation. In pertinent part, the statute provides as follows:

The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period; and (2) the petition to revoke probation is filed during the probationary period *or* before the earlier of the following:

(A) One (1) year after the termination of probation.

(B) Forty-five (45) days after the state receives notice of the violation.

(emphasis added). According to the plain language of the statute, a petition to revoke a defendant's probation may be filed at any time during the defendant's probationary term.

Despite the clear language of this provision, however, Sutton argues that the State is still required to file the petition within forty-five days of the actual violation, even if the petition is filed during the probationary term. In support of his argument, Sutton

relies on IND.CODE § 35–38–2–2.3(b), which provides, in relevant part, as follows:

> When a person is placed on probation, the person shall be given a written statement specifying:
>
> (1) the conditions of his probation; and
>
> (2) that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed before the earlier of the following:
>
> > (A) One (1) year after the termination of probation;
> >
> > (B) Forty-five (45) days after the state receives notice of the violation.

(emphasis added). Contrary to Sutton's assertion, however, this provision was not designed to limit the State's ability to file a petition to revoke during the probationary period. Rather, the statute merely requires the trial court to inform a probationer that the State may file a petition to revoke, even if the probationary term is ended, if it does so within the time limits outlined above. As such, the forty-five day filing requirement applies only if a defendant's probation has ended and the State has notice that the defendant violated his probation.

Here, the record reveals that Sutton's probationary period ends on July 17, 2009. The record further reveals that the State filed its petition to revoke on January 30, 1997. Because Sutton's probationary term had not been completed at this time, the forty-five day filing requirement was not applicable. As a result, the State's petition was timely. Thus, the trial court did not err in revoking Sutton's probation.

### III. Hearsay

Finally, Sutton argues that his probation revocation must be overturned because the trial court improperly admitted hearsay testimony into evidence. Specifically, Sutton argues that the court erroneously permitted Officer Fudge to testify that on the night of Sutton's arrest, Sutton's wife informed him that Sutton owned the truck that they had been pursuing and that he had not been home all evening.

This court has previously held that hearsay is inadmissible at a probation revocation hearing. *Payne v. State*, 515 N.E.2d 1141, 1144 (Ind.Ct.App.1987). As the State points out, however, the rule in *Payne* was enunciated prior to the adoption of the Indiana Rules of Evidence and, therefore, is no longer controlling. Pursuant to Ind.Evidence Rule 101(c)(2), the rules of evidence, including the rules prohibiting the admission of hearsay, do not apply in probation revocation hearings. As a result, the trial court did not err by admitting this testimony.[2]

Moreover, even assuming that Officer Fudge's testimony constituted inadmissible hearsay, Sutton was not prejudiced by its admission. The erroneous admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence. *Pruitt v. State*, 622 N.E.2d 469, 474 (Ind. 1993). Here, the State presented substantial evidence, in addition to Sutton's wife's comments, which indicated that Sutton owned and was the driver of the truck. For example, the State presented evidence that the truck was registered to Sutton and that several documents in the truck were also in his name. R. at 133, 136. Further, Officer Fudge testified that the driver of the truck, who he had observed throughout the chase and as he exited the vehicle, had brown curly hair and was wearing a white shirt, greenish-colored pants and suspenders. R. at 130–31. When Sutton was found in the field shortly thereafter, he was wearing a white shirt, greenish-khaki pants and suspenders. Given this evidence, any error in the admission of this testimony was harmless. Thus, the trial court properly revoked Sutton's probation.

Judgment affirmed.

SHARPNACK, C.J., and ROBERTSON, J., concur.

**2.** We are aware that another panel of this court has recently held that the hearsay rules still apply in probation revocation hearings, despite the adoption of the rules of evidence. *Greer v. State*, 669 N.E.2d 751, 755 (Ind.Ct.App.1996). However, our supreme court granted transfer in *Greer* on October 15, 1996, vacating the decision. *Greer v. State*, 685 N.E.2d 700 (Ind.1997). Thus, *Greer* is not controlling.