**Paul D. DECKER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–9803–CR–291.

Court of Appeals of Indiana.

Jan. 29, 1999.

Christopher A. Cage, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Paul D. Decker appeals the revocation of his placement in a community corrections work release program.[1] Decker presents three issues for our review, which we restate as:

I. Whether Decker received ineffective assistance when his counsel failed to object to the revocation of Decker's community corrections placement on the grounds that Decker had never been provided with the terms and conditions of his placement.

II. Whether there was sufficient evidence to support the trial court's revocation of Decker's placement in the work release program.

III. Whether Decker received ineffective assistance when his counsel failed to object to the results of a urine screen as inadmissible hearsay evidence.

We affirm.[2]

The facts most favorable to the revocation reveal that, following a jury trial, Decker was convicted of theft and sentenced to serve forty eight (48) months in a community corrections work release program. Less than one month into his placement, Decker tested positive for cannabinoids, or marijuana, following a random urine screen. After a subsequent screen again revealed marijuana in Decker's system, the trial court conducted a hearing regarding Decker's placement in the work release program. At this hearing, the results of the urine tests were admitted and Decker testified that he had had "a couple of

---

1. Both Decker and the State refer to the proceeding at issue as a probation revocation and cite to the probation statutes. However, Decker was never placed on probation; instead, he was ordered to serve his sentence through work release at a community corrections facility. Therefore, Decker's placement is governed by IND.CODE §§ 35–38–2.6–1 to –7 (1993).

2. On October 30, 1998, Decker filed a pro se Motion to Correct Error, asking this court to clarify that the hearing being challenged in this appeal was not a probation revocation. As our opinion makes clear, we recognize that Decker was placed in a community corrections program, as opposed to probation. Therefore, we deny his motion.

puffs" of marijuana while on a work site. The trial court revoked Decker's placement and ordered him to serve the remainder of his sentence in the Department of Correction; this appeal ensued.

## I.

### Failure to Object Based on Lack of Notice

Decker contends that his trial counsel rendered ineffective assistance by failing to object to the revocation hearing, based on the fact that the trial court never informed Decker of the terms and conditions of his placement. To prevail on a claim of ineffective assistance of counsel, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's performance prejudiced the defendant. *Smith v. State*, 689 N.E.2d 1238, 1243 (Ind.1997). In evaluating the first element, we presume counsel is competent and the defendant must present clear and convincing evidence to rebut this presumption. *Id.* Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Bellmore v. State*, 602 N.E.2d 111, 123 (Ind.1992), *reh. denied* (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

To establish the second element, prejudice, the defendant must show that counsel's errors so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just and reliable result. *Smith*, 689 N.E.2d at 1244. Thus, a different outcome but for counsel's errors will not constitute prejudice if the ultimate result reached was fair and reliable. *Games v. State*, 684 N.E.2d 466, 469 (Ind.1997), *modified*, 690 N.E.2d 211 (Ind.1997). There is a preference for addressing the prejudice element first since the object of an ineffectiveness claim is not to grade counsel's performance. *Id.* at 468.

At his original sentencing hearing, Decker was ordered to serve his sentence in community corrections. However, the trial court failed to notify Decker of the terms and conditions of his placement. Decker argues that his placement could not be revoked for violating rules he was unaware of; therefore, his counsel should have objected to the revocation proceedings at their outset.

Despite the trial court's failure to inform him of the conditions of his placement, Decker concedes in his brief that committing another crime is always grounds for revocation in the probation context. *See* IND. CODE § 35–38–2–1(b) (Supp.1996); *Braxton v. State*, 651 N.E.2d 268, 270 (Ind.1995), *reh. denied*. Although the community corrections statutes do not specifically set forth that the commission of a crime while in the program is grounds for revocation, persons in the program should know that they are not to commit additional crimes during their placement. As with probation, placement in the community corrections program is "a matter of grace and a conditional liberty that is a favor, not a right." *Million v. State*, 646 N.E.2d 998, 1002 (Ind.Ct.App.1995). For this reason, we hold that the commission of a crime while serving time in the community corrections program is always grounds for revocation, even if the sentencing court fails to notify the person of such condition. Therefore, Decker has failed to show that he was prejudiced by his counsel's failure to object to the revocation proceedings. Decker's counsel provided effective assistance.

## II.

### Sufficiency of the Evidence

Decker contends that there was insufficient evidence to revoke his placement in the community corrections work release program. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind.1995), *reh. denied*. We look to the evidence and the reasonable inferences therefrom that support the verdict. *Id.*

When a trial court conducts a probation revocation hearing, that hearing is civil in nature, and the crime must be proven only by a preponderance of the evidence. IND.CODE § 35–38–2–3(e) (Supp.1996); *Braxton*, 651 N.E.2d at 270. There is no corresponding provision in the community corrections statutes. However, a hearing is

required before the revocation of placement in the community corrections program, IND. CODE § 35–38–2.6–5 (1997), and before his placement is revoked, "[a] defendant in community corrections is entitled to written notice of the claimed violation of the terms of his placement, disclosure of the evidence against him, an opportunity to be heard and present evidence and the right to confront and cross-examine adverse witnesses in a neutral hearing before the trial court." *Million,* 646 N.E.2d at 1003. Therefore, as in the probation context, we hold that a community corrections revocation hearing is civil in nature, and in order to revoke Decker's placement, the State need only prove that the revocation was warranted by a preponderance of the evidence.

 Decker contends that because the State failed to prove that he had possession of marijuana, his placement could not be revoked on the basis that he committed a crime while in the work release program. The State only had to prove that Decker had possession of marijuana by a preponderance of the evidence. The results of his urine screen, showing that there were increased levels of marijuana in his system, coupled with his admission that he had taken "a couple of puffs" of a marijuana cigarette, were sufficient to show by a preponderance of the evidence that Decker had possession of marijuana. Therefore, there was sufficient evidence to revoke Decker's placement in the community corrections work release program.

### III.

#### *Failure to Object to Test Results*

Finally, Decker argues that his counsel provided ineffective assistance when he failed to object to the admission of the urine screen results as inadmissible hearsay evidence. We apply the ineffective assistance of counsel standard set forth above, and our inquiry is whether: (1) counsel's performance fell below an objective standard of reasonableness;

and (2) counsel's performance prejudiced the defendant. *Smith,* 689 N.E.2d at 1243.

 Decker argues that the results of his urine screens, introduced through the testimony of the director of the community corrections facility, were hearsay and that he was prejudiced by his counsel's failure to object to that evidence.[3] However, even if the results of the test were inadmissible as hearsay evidence, the evidence was merely cumulative of what Decker testified. The results of the urine screens showed that Decker had an increased level of marijuana in his system. Decker testified that he had taken "a couple of puffs" of marijuana. There is no ground for reversal if the hearsay evidence erroneously admitted is merely cumulative. *Sutton v. State,* 689 N.E.2d 452, 455 (Ind.Ct.App.1997), *reh. denied.* Because the results of the urine screens were cumulative, Decker has failed to show that he was prejudiced by his counsel's failure to object. Decker did not receive ineffective assistance.

Affirmed.

KIRSCH, J. and ROBB, J., concur.

---

**3.** Decker cites two decisions of this court holding that the hearsay rule applies in a probation revocation hearing. *See Cox v. State,* 686 N.E.2d 181 (Ind.Ct.App.1997); *Greer v. State,* 669 N.E.2d 751(Ind.Ct.App.1996), *vacated,* 685 N.E.2d 700 (Ind.1997). However, a more recent decision by this court held that, according to Ind. Evidence Rule 101(c)(2), hearsay evidence is admissible in probation revocation proceedings. *Sutton v. State,* 689 N.E.2d 452 (Ind.Ct.App.1997), *reh. denied.* We need not resolve this inconsistency today, as the admission of the hearsay evidence was harmless error.