**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
Acklin Law Office, LLC
Westfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED
Mar 22 2013, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROUDY JOE BEASLEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1209-CR-461 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael R. Rader, Judge
Cause Nos. 84D05-1108-FD-2490 and 84D05-1005-FD-1593

**March 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Roudy Joe Beasley was convicted of drug-related offenses possession and sentenced to home detention followed by probation. Two months later, the State filed a petition to revoke his home detention placement, alleging that he had tested positive for drugs, diluted his urine sample, and unlawfully left his home. The trial court found that Beasley had violated his home detention conditions and revoked his placement, remanding him to the department of correction for the balance of his term.

Beasley now appeals, claiming that the evidence is insufficient to support the court's finding of a violation. Finding the evidence sufficient, we affirm.

**Facts and Procedural History**

In December 2010, Beasley was convicted of class D felony methamphetamine possession and class D felony marijuana possession. The trial court sentenced him to concurrent three-year terms, suspending 1087 days to probation. In April 2012, Beasley was convicted of class D felony marijuana possession and was sentenced to serve 180 days of his three-year sentence in home detention, with the remainder suspended to probation. Because he was still on probation when he committed the latter offense, the trial court terminated his probation in the prior cause and remanded him to serve one year in home detention, concurrent to the 180-day home detention placement.

Two months later, the State filed a petition to revoke Beasley's home detention placement and/or revoke his probation, alleging that he tested positive at least twice for marijuana, diluted his urine in at least one drug screen, tampered with his home detention

device, and left his residence without authority. The trial court conducted an evidentiary hearing, at which the defense sought to make a deal with the State, whereby Beasley would admit to the violations in exchange for a return to probation. The trial court opted to establish a factual basis by hearing testimony from community corrections field coordinator Jason Neese concerning Beasley's alleged violations. Following Neese's testimony, the trial court found that Beasley was in violation of his home detention placement conditions, revoked Beasley's placement, and remanded him to the department of correction for the balance of his term. Beasley now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Beasley challenges the sufficiency of evidence supporting the revocation of his home detention placement.[1] On review, we treat a hearing on a petition to revoke a community corrections placement the same as a hearing on petition to revoke probation. *Holmes v. State*, 923 N.E.2d 479, 482 (Ind. Ct. App. 2010). Placement on probation or in community corrections is not a right; rather, it is a matter of grace, a conditional liberty, and a favor. *Id*. Such placements are made at the sole discretion of the trial court. *Id*. Revocation proceedings are civil in nature, and the State need only prove violations of a person's

---

[1] At the outset, we note that the defense never withdrew Beasley's offer to cut a deal with the State by admitting to the violations in exchange for favorable sentencing treatment. At the end of the hearing, Beasley pleaded for one more chance at probation and assured the trial court that "I will do everything that you ask me to do and I will make sure I won't fail no drug screens and I will go to the Matrix program and attend my AA meetings". Tr. at 8. The State argues that this is tantamount to uncontested hearing wherein the defendant admits to violating his placement terms. However, Beasley never directly admitted to violating his terms, and his statements could be construed merely as requests that the court choose the most lenient statutory sanction available after having made a finding that a violation occurred. Ind. Code § 35-38-2-3(g). Thus, we address the merits of his insufficiency arguments pertaining to the finding of violations.

placement conditions by a preponderance of the evidence. *Id*. at 483. The proceedings are more flexible procedurally and are not subject to the Rules of Evidence or rules against hearsay. *Id*. at 482-83. Instead, the trial court may consider any relevant evidence bearing some substantial indicia of reliability. *Id*. at 482. In reviewing a sufficiency of evidence challenge to a revocation determination, we consider the evidence and reasonable inferences most favorable to the trial court's judgment without reweighing evidence or judging witness credibility. *Id*. at 483. If substantial evidence of probative value exists to support the trial court's determination that a defendant has violated any terms of his placement, we will affirm the court's decision to revoke that placement. *Id*.

Beasley first asserts that the evidence is insufficient because a copy of the conditions of his home detention was not offered as evidence. Nevertheless, he concedes that the prohibition of illegal drug use while on home detention would be "an inherent, if not explicit, requirement in any community corrections program." Appellant's Br. at 10. "The commission of a crime while serving time in the community corrections program is always grounds for revocation, even if the sentencing court fails to notify the person of such condition." *Decker v. State*, 704 N.E.2d 1101, 1103 (Ind. Ct. App. 1999), *trans. dismissed*. Beasley was convicted of drug-related offenses. He tested positive for illegal drugs twice while in home detention. This conduct alone constitutes a violation of his placement and grounds for revocation. *See id*. (where trial court failed to notify defendant of placement conditions, this Court concluded, "persons in [a community corrections] program should know that they are not to commit additional crimes during their placement."). Thus, the trial

4

court's finding that he violated a condition of his placement was not dependent on the introduction of a copy of his home detention conditions into the record.

Beasley also contends that the testimony of the State's sole witness did not bear substantial indicia of reliability. We disagree. Neese testified that he was familiar with Beasley's case and that Beasley violated the rules of community corrections by having multiple positive drug screens, by diluting his urine, and by engaging in "unauthorized leave." Tr. at 4. With respect to the unauthorized leave, Neese specified that Beasley "left his residence without us knowing where or anything about what he was doing and he returned approximately an hour and twenty minutes later and then it happened again, later on that evening. He didn't return for another three hours and forty-five minutes or so." *Id*. at 4-5. Neese also testified that Beasley had tampered with his home detention strap by removing it, placing it on his bed, and leaving the residence. *Id*. at 5. He verified that Beasley had twice tested positive for marijuana during his home detention and that on at least one occasion, Beasley had diluted his urine for a drug screen. He also verified that illegal drug use, strap tampering, and unauthorized leave from the residence were violations of community corrections rules. To the extent that Beasley challenges Neese's level of familiarity with his specific case, his argument amounts to an invitation to reweigh evidence and judge witness credibility.

In sum, Neese's testimony was sufficient to establish the violations by a preponderance of the evidence, and we decline Beasley's invitation to reweigh it. Based on the foregoing, we affirm the trial court's decision to revoke Beasley's home detention and remand him to the department of correction.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.