## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 30 2015, 7:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Peter D. Todd
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marvin T. Boothe, Jr., <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 30, 2015 <br><br> Court of Appeals Case No. <br> 20A04-1412-CR-584 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable Evan S. Roberts, Judge <br><br> Cause No. 20D01-1008-FD-197 |

**Brown, Judge.**

[1] Marvin T. Boothe, Jr., appeals the court's order vacating his placement in community corrections and ordering that he serve the balance of his sentence in the Department of Correction. Boothe raises one issue which we revise and restate as whether the trial court had the authority to revoke his placement in community corrections. We affirm.

## Facts and Procedural History

[2] On June 14, 2010, the State charged Boothe with battery upon a child as a class D felony and strangulation as a class D felony. On March 3, 2011, Boothe pled guilty to battery upon a child as a class D felony. On June 23, 2011, the court sentenced Boothe to three years in the Department of Correction ("DOC") with two years suspended to probation. The court allowed Boothe to complete the executed portion of his sentence in work release or home detention through the Elkhart County Community Corrections, if he qualified, and otherwise at the DOC. The court also ordered that if Boothe failed to begin to pay the fees and expenses within ninety days of placement on work release or home detention, absent a request for a hearing filed by Boothe within sixty days of sentencing, then the court would revoke the recommendation of work release or home detention placement.

[3] In August 2011, the Elkhart County Community Corrections filed correspondence with the court indicating that Boothe was released from the Saint Joseph County Jail without being returned to Elkhart County. The court issued a bench warrant for Boothe and revoked its recommendation for placement into Elkhart County Community Corrections. In September 2012,

the Elkhart County Jail contacted the court to inform it that Boothe was arrested.

[4]     In December 2012, the court held a hearing and confirmed the earlier June 23, 2011 sentence of one year executed at the DOC followed by two years of probation. On May 24, 2013, the Elkhart County Probation Department filed a violation of probation petition, and the court issued a bench warrant. On March 28, 2014, the Elkhart County Probation Department filed a violation of probation petition supplement, and the court issued a bench warrant.

[5]     In May 2014, Boothe admitted that he violated probation. The court revoked his probation and ordered him to serve the balance of the suspended sentence at the DOC and that, if he qualified, Boothe would be placed in work release with Elkhart County Community Corrections. Specifically, the court's order stated:

> If [Boothe] qualifies for Work Release and fails to begin to pay the fees and/or expenses within ninety (90) days of placement into Work Release, absent a request for a hearing filed by [Boothe] within sixty (60) days of sentencing, the court REVOKES the recommendation for placement into Work Release and ORDERS [Boothe] complete the sentence at IDOC.

Appellant's Appendix at 38.

[6]     On September 18, 2014, the Elkhart County Community Corrections notified the court that Boothe had violated the terms of his commitment, and the court issued a bench warrant and scheduled a hearing. On October 30, 2014, a hearing was held, and Boothe admitted the violation. Specifically, he admitted

to possessing synthetic marijuana and that it was a violation of the terms of the Elkhart County Community Corrections and illegal. On November 18, 2014, the court revoked Boothe's placement in Elkhart County Community Corrections and ordered him to serve the balance of his sentence at the DOC.

## *Discussion*

[7] We first note that the State did not file an appellee's brief. The obligation of controverting arguments presented by the appellant properly remains with the State. *Bovie v. State*, 760 N.E.2d 1195, 1197 (Ind. Ct. App. 2002). When the appellee does not submit a brief, the appellant may prevail by making a *prima facie* case of error—an error at first sight or appearance. *Id.* However, we are still obligated to correctly apply the law to the facts of the record to determine if reversal is required. *Id.*

[8] The issue is whether the trial court had the authority to revoke Boothe's placement in community corrections.[1] Boothe asserts that the trial court was without jurisdiction to order him to serve his sentence at the DOC. He argues that the court ordered that if he qualified for work release he could participate and would be sent to the DOC only for failing to meet his financial obligations. In other words, Boothe contends that his violation of the terms of his work release commitment was not a violation as outlined in the court's sentencing

---

[1] Boothe concedes that the DOC Offender Database indicates that he has a possible release date of May 26, 2015, and that the issue raised in this appeal may be moot because he will have served his entire executed sentence prior to any ruling from this court. We cannot discern from the record whether Boothe has actually been released. The State did not file a brief or argue that the appeal is moot. Under the circumstances, we address the merits of Boothe's appeal.

order of May 29, 2014, and thus the court lost jurisdiction to modify his sentence.

[9] To the extent that Boothe asserts that the trial court lacked jurisdiction, we observe that in *K.S. v. State*, the Indiana Supreme Court held:

> Like the rest of the nation's courts, Indiana trial courts possess two kinds of "jurisdiction." Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties.
>
> Where these two exist, a court's decision may be set aside for legal error only through direct appeal and not through collateral attack. Other phrases recently common to Indiana practice, like "jurisdiction over a particular case," confuse actual jurisdiction with legal error, and we will be better off ceasing such characterizations.

849 N.E.2d 538, 540 (Ind. 2006). The Court also stated: "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id.* at 542. Boothe does not argue that the trial court did not have subject matter jurisdiction or personal jurisdiction. Thus, we focus on whether the trial court had authority to revoke Boothe's placement.

[10] This court has previously held that a trial court has authority to revoke a placement in community corrections when the defendant commits a new crime while in community corrections even when such a condition was not expressly made a term of community corrections. *See Toomey v. State*, 887 N.E.2d 122,

125 (Ind. Ct. App. 2008) (rejecting the defendant's argument that the trial court could not revoke his placement in home detention when he had no notice of the specific terms of home detention and holding that the commission of a crime while in community corrections is grounds for revocation); *Decker v. State*, 704 N.E.2d 1101, 1103 (Ind. Ct. App. 1999) (holding that the commission of a crime while serving time in the community corrections program is always grounds for revocation, even if the sentencing court fails to notify the person of such condition), *trans. dismissed*.

[11] At the October 30, 2014 hearing, Boothe admitted to possessing synthetic marijuana and that such an act was illegal and a violation of the terms and requirements of Elkhart County Community Corrections. Under the circumstances, we conclude that the court had authority to revoke Boothe's placement in community corrections and order him to serve the balance of his sentence at the DOC.

## Conclusion

[12] For the foregoing reasons, we affirm the trial court's order revoking Boothe's placement in community corrections.

[13] Affirmed.

Crone, J., and Pyle, J., concur.