

IN THE

# Court of Appeals of Indiana

Parker DePalma,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

FILED

Apr 17 2025, 8:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

April 17, 2025

Court of Appeals Case No.
24A-CR-2864

Appeal from the LaPorte Superior Court

The Honorable Jaime M. Oss, Judge

Trial Court Cause No.
46D01-2108-F4-1143

**Opinion by Judge Tavitas**
Chief Judge Altice and Judge Brown concur.

**Tavitas, Judge.**

## Case Summary

Parker DePalma pleaded guilty to operating a vehicle while intoxicated endangering a person, a Class A misdemeanor, and was sentenced to one year suspended to probation. While on probation, DePalma tested positive for illicit drug use, and the State filed a petition to revoke DePalma's probation. DePalma admitted to the probation violation, and the trial court revoked DePalma's probation and ordered him to serve his previously suspended sentence in jail. DePalma appeals and claims that: (1) the trial court abused its discretion by allowing the victim's family members to make statements at the probation revocation hearing; and (2) the trial court abused its discretion by ordering DePalma to serve his previously suspended sentence. We disagree and, accordingly, affirm.

## Issues

DePalma presents two issues, which we restate as:

      I.      Whether the trial court abused its discretion by allowing the victim's family to make statements at the probation revocation hearing.

      II.    Whether the trial court abused its discretion by ordering DePalma to serve his previously suspended sentence.

## Facts

On February 6, 2021, a dog belonging to fifty-seven-year-old Ryan Gaston ("Ryan") and his wife, Vera, was struck and killed on U.S. Highway 12 in Michigan City. That evening, Ryan and a friend were attempting to remove the dog's remains from the road. At the same time, DePalma was driving his car on the same highway. DePalma struck Ryan, who later died from his injuries. DePalma admitted to the police that he had used cocaine earlier in the day, and DePalma smelled of marijuana.

On August 30, 2021, the State charged DePalma with operating a vehicle while intoxicated causing death, a Level 4 felony, and reckless homicide, a Level 5 felony. The State later amended the charging information to add a count of operating a vehicle while intoxicated endangering a person, a Class A misdemeanor. On October 26, 2023, DePalma entered into a plea agreement with the State in which he agreed to plead guilty to the Class A misdemeanor, and the State agreed to dismiss the two felony counts. The plea agreement also called for DePalma to be sentenced to one year suspended to probation. Among the explicit terms of DePalma's probation was that he not "use, purchase, or possess illegal drugs[.]"[1] Appellant's App. Vol. II p. 32.

---

[1] We also note that "[t]he requirement that a probationer obey federal, state, and local laws is automatically a condition of probation by operation of law." *Luke v. State*, 51 N.E.3d 401, 421 (Ind. Ct. App. 2016), *trans. denied*; *see also* Ind. Code § 35-38-2-1(b) ("If the person commits an additional crime, the court may revoke the probation").

[5] At first, DePalma was compliant with the terms of his probation and submitted several clean drug screens. On April 30, 2024, however, DePalma tested positive for cocaine, a metabolite of cocaine, and THC, the active component in marijuana. Accordingly, on July 8, 2024, the State filed a petition to revoke DePalma's probation.

[6] The trial court held a hearing on the petition to revoke on November 21, 2024. DePalma admitted to using cocaine and marijuana. DePalma argued that since he tested positive for drug use only once and had previously tested clean, the trial court should impose a sanction of a weekend in jail or community service. The probation department recommended that DePalma's probation be revoked and that he serve his sentence in jail because DePalma tested positive for the very same drugs that he used when he drove while intoxicated.

[7] After hearing the arguments of both parties, the trial court permitted, over DePalma's objection, three of Ryan's family members—his brother, father, and wife—to testify regarding the impact Ryan's death had on them. DePalma also made a statement claiming he had made a "bad decision," but argued that he had learned from this mistake and would make better decisions going forward. Tr. Vol. II p. 54. The trial court accepted DePalma's admission to violating the terms of his probation and adopted the probation department's recommendation regarding the appropriate sanction by ordering DePalma to serve his previously suspended sentence in jail. DePalma now appeals.

## Discussion and Decision

### I. The trial court did not abuse its discretion by permitting the victim's family members to testify at the probation revocation hearing.

[8] DePalma first claims that the trial court abused its discretion by permitting Ryan's family members to testify at the probation revocation hearing regarding the impact of Ryan's death. We disagree.

[9] Probation revocation hearings are not adversarial criminal proceedings. *Watters v. State*, 22 N.E.3d 617, 619 (Ind. Ct. App. 2014) (citing *Cox v. State*, 706 N.E.2d 547, 550 (Ind. 1999)). Instead, probation revocation procedures are "flexible," and "strict rules of evidence do not apply." *Id*.; *see also* Ind. Evidence Rule 101(d)(2) (providing that the rules of evidence, other than those with respect to privileges, do not apply in probation proceedings). "A trial court 'possesses broad discretion in ruling on the admissibility of evidence, and we will not disturb its decision absent a showing of an abuse of that discretion.'" *Id*. (quoting *C.S. v. State*, 735 N.E.2d 273, 275 (Ind. Ct. App. 2000)).

[10] DePalma admits that "the victim's family had a right to notice of the probation revocation hearings." Appellant's Br. p. 12; *see also* Ind. Code § 35-40-8-1 (providing that, upon a victim's request, a criminal court "shall notify the victim of any probation . . . revocation disposition proceeding or proceeding in which the court is asked to terminate the probation . . . of a person who is convicted of a crime against the victim."); Ind. Code § 35-40-8-2 (providing that, upon a victim's request, a criminal court "shall notify the victim of a modification of the terms of probation . . . of a person convicted of a crime

against the victim only if: (1) the modification will substantially affect the person's contact with or safety of the victim;" or "(2) the modification will substantially affect the person's restitution or confinement status.").

[11] DePalma claims, however, that the Indiana Crime Victim Act does not create a right for victims to be heard at a probation revocation hearing. Indiana Code Section 35-40-5-5 provides, "[a] victim has the right to be heard at any proceeding involving sentencing, a postconviction release decision, or a pre-conviction release decision under a forensic diversion program." "Postconviction release" is defined to mean "parole, work release, home detention, or any other permanent, conditional, or temporary discharge from confinement of a person who is confined in" jail or prison. Ind. Code § 35-40-4-6.

[12] Thus, DePalma contends that a victim has a right to be heard only at a "postconviction release hearing" when a court is considering releasing a person from confinement to parole, work release, home detention, or other similar discharge from confinement. The trial court here was not considering DePalma's release, but rather the opposite—whether to revoke his probation and confine him. Thus, DePalma concludes that a victim has no right to be heard at a probation revocation proceeding.

[13] Even assuming that this is true, it does not follow that simply because a victim has no **right** to be heard at a probation revocation hearing, that a victim is **prohibited** from being so heard. Accordingly, we cannot say that Indiana Code Section 35-40-5-5 prohibits victims from being heard at a probation revocation

hearing when, in the trial court's considerable discretion, such statements would be helpful to the trial court in its decision making.

[14] DePalma also claims that allowing the victim's family to make statements was prejudicial because their statements focused on the underlying charge and the death of the victim, not the probation violation itself. Again, the Rules of Evidence do not apply in probation revocation proceedings, and we cannot say that the trial court abused its considerable discretion in permitting the victim's family members to speak at the hearing. Although DePalma notes that the trial court expressed sympathy with the victim's family, there is no evidence that the trial court based its decision on such sympathy. Instead, DePalma admitted to using the very same drugs that resulted in his conviction in the first place. In short, the trial court did not abuse its discretion by permitting the victim's family to testify at the probation revocation hearing.

## II. The trial court did not abuse its discretion by ordering DePalma to serve his previously suspended sentence.

[15] DePalma also argues that the trial court abused its discretion by ordering him to serve his previously suspended sentence as a sanction for his probation violation. Again, we disagree.

[16] When a probation violation is alleged, the trial court engages in two functions: "[f]irst, the trial court must make a factual determination that a violation of a condition of probation actually occurred;" and "[s]econd, if a violation is found, then the trial court must determine the appropriate sanctions for the

violation." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). Indiana Code Section 35-38-2-3(h) governs such sanctions and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> >
> > (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> >
> > (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[17] "'Proof of a single violation is sufficient to permit a trial court to revoke probation.'" *Hammann v. State*, 210 N.E.3d 823, 832 (Ind. Ct. App. 2023) (citing *Killebrew v. State*, 165 N.E.3d 578, 582 (Ind. Ct. App. 2021)), *reh'g denied*, *trans. denied*. "While it is correct that probation may be revoked on evidence of violation of a single condition, the selection of an appropriate sanction will depend upon the severity of the defendant's probation violation, which will require a determination of whether the defendant committed a new criminal offense." *Heaton*, 984 N.E.2d at 618. "'[S]o long as the proper procedures have been followed in conducting a probation revocation hearing . . . , the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence.'" *Killebrew v. State*, 165 N.E.3d 578, 582 (Ind.

Ct. App. 2021) (quoting *Crump v. State*, 740 N.E.2d 564, 573 (Ind. Ct. App. 2000)), *trans. denied*. On appeal, we review a trial court's sanction for probation violations only for an abuse of discretion. *Heaton*, 984 N.E.2d at 616.

[18] DePalma claims that the trial court should not have ordered him to serve his previously suspended sentence because DePalma had been compliant with probation for six months and tested positive for drugs only one time. We note, however, that DePalma tested positive for the very same drugs that were in his system at the time he drove while intoxicated. This demonstrates that DePalma had not learned from his prior mistakes but instead engaged in the very same behavior that resulted in his conviction.

[19] DePalma notes that he was not charged with any additional crimes, but this does not mean he did not commit any additional crimes. He admittedly tested positive for cocaine and THC. Thus, it was necessary for him to possess cocaine and marijuana at some point, both of which are crimes. *See* Ind. Code § 35-48-4-6 (defining the crime of possession of cocaine or a narcotic drug); Ind. Code § 35-48-4-11 (defining the crime of possession of marijuana). Under these circumstances, we cannot say that the trial court abused its discretion by ordering DePalma to serve the balance of his previously suspended sentence. *See Decker v. State*, 704 N.E.2d 1101, 1104 (Ind. Ct. App. 1999) (holding that trial court did not abuse its discretion by revoking defendant's community

corrections placement based on defendant's admission that he had taken a "couple of puffs" of a marijuana cigarette).[2]

[20] DePalma also claims that the trial court erred by not following the schedule of progressive probation violation sanctions adopted by the judicial conference. Subsection (e) of Indiana Code Section 35-38-2-3 provides:

> A person may admit to a violation of probation and waive the right to a probation violation hearing after being offered the opportunity to consult with an attorney. If the person admits to a violation **and requests to waive the probation violation hearing**, the probation officer shall advise the person that by waiving the right to a probation violation hearing the person forfeits the rights provided in subsection (f).[3] The sanction administered must follow the schedule of progressive probation violation sanctions adopted by the judicial conference of Indiana under IC 11-13-1-8.

(emphasis added). This subsection unambiguously requires two conditions to be met before a trial court must follow the schedule of progressive probation violation sanctions. First, the defendant must "admit to a violation." *Id*. Second, the petitioner must "request[] to waive the right to a probation violation hearing." *Id*. Only then must the sanction imposed by the trial court

---

[2] In *Gibson v. State*, 154 N.E.3d 823, 826 (Ind. Ct. App. 2020), we recognized that *Decker* was one of a few cases in which this Court had improperly applied a *Strickland* standard when reviewing a claim of ineffective assistance of trial counsel on appeal from a probation revocation hearing. We also noted, however, that "the question of the proper standard of review was [not] raised in any of those cases, much less decided." *Id*. Thus, even though *Decker* may have applied the wrong standard on the ineffective assistance of trial counsel issue, it remains good law on the revocation issue.

[3] Subsection (f) provides, "Except as provided in subsection (e), the state must prove the violation by a preponderance of the evidence. The evidence shall be presented in open court. The person is entitled to confrontation, cross-examination, and representation by counsel." I.C. § 35-38-2-3(f).

follow the schedule of progressive probation violations adopted by the judicial conference.

[21] Here, DePalma admitted to violating the terms of his probation, but nothing in our review of the record shows that he requested to waive his right to a probation violation hearing.[4] To the contrary, the trial court held a probation violation hearing. Thus, Indiana Code Section 35-38-2-3(e) does not apply, and the trial court was not required to follow the progressive probation violation schedule.[5]

## Conclusion

[22] The trial court did not abuse its discretion by permitting the victim's family members to give statements at the probation revocation hearing. Nor did the trial court abuse its discretion by ordering DePalma to serve his previously suspended sentence in jail. We, therefore, affirm the trial court's judgment.

[23] Affirmed.

---

[4] In his reply brief, DePalma claims that he did, in fact, waive his right to a hearing, citing Appellant's Appendix Vol. II p. 16. This page of the Appendix, however, indicates only that DePalma "admits to the Petition for Revocation of Suspended Sentence." *Id.* It says nothing about DePalma requesting to waive his right to a probation revocation hearing. By admitting to the probation violation, DePalma necessarily waived his right to have the State prove the allegations by a preponderance of the evidence, the right to present witnesses on his own behalf, and the right to confront and cross-examine witnesses against him. *See* Tr. Vol. II pp. 36-37. But there is no indication that DePalma requested to waive his right to a hearing at all. Indeed, this appeal arises from such a hearing.

[5] In *Prince v. State*, No. 23A-CR-2794 (Ind. Ct. App. Aug. 19, 2024) (mem.), *trans. denied*, this Court similarly held that Indiana Code Section 35-38-2-3(e) did not apply because although the defendant admitted to a probation violation, he did not waive his right to a probation hearing. Although *Prince* was a memorandum decision, we cite it for persuasive value. *See* Ind. Appellate Rule 65(D)(2) (permitting memorandum decisions issued after January 1, 2023 to be cited "for persuasive value to any court by any litigant.").

Altice, C.J., and Brown, J., concur.

ATTORNEY FOR APPELLANT

Nicholas T. Otis
LaPorte, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Rebekah D. Bennett
Deputy Attorney General
Indianapolis, Indiana